Xui **FANG LI**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–72780.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 13, 2004.

Theodore N. Cox, Law Offices of Theodore Cox, Esq., New York, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, *Circuit Judges.*

### MEMORANDUM **

Xui Fang Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen exclusion proceedings conducted in absentia. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review questions of law de novo, *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002), and deny the petition.

Contrary to Li's assertion, Li must establish that her motion to reopen met either the requirements of 8 C.F.R. § 1003.23(b)(1) or the requirements of 8 C.F.R. § 1003.23(b)(4)(iii). *See Matter of M–S–,* 22 I. & N. Dec. 349, 352–57 (BIA 1998). Li's motion to reopen was not timely filed pursuant to 8 C.F.R. § 1003.23(b)(1). As a result, Li was required to demonstrate reasonable cause pursuant to 8 C.F.R. § 1003.23(b)(4)(iii)(B) for her failure to appear at her exclusion proceedings. Therefore, the IJ's imposition of the reasonable cause requirement was not error.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).